IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-68,907-06






EX PARTE DAVID GLENN HARRIS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 20020D05384 IN THE 346TH DISTRICT COURT


FROM EL PASO COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated assault
of a child and sentenced to life imprisonment. The Eighth Court of Appeals affirmed his conviction.
Harris v. State, No. 08-04-00143-CR (Tex. App.-El Paso, Aug. 31, 2005, pet. ref'd).

 Applicant contends, among other things, that trial counsel rendered ineffective assistance
because he failed to request a competency evaluation and to object that the State did not comply with
the notice requirements in Tex. Code Crim. Proc. art. 38.072. Applicant also contends that trial
counsel erroneously advised him that the trial judge would not sentence him to life.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
may order Applicant's trial counsel to respond to Applicant's claims of ineffective assistance of
counsel. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In
the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to: (1) what evidence indicated at trial that
Applicant was not competent; (2) whether the State complied with the notice requirements in Tex.
Code Crim. Proc. art. 38.072; (3) whether trial counsel believed the trial judge would not sentence
Applicant to life based on the trial judge's contention that the State should have alleged the
punishment enhancements in the indictment; (4) whether Applicant ever intended to plead guilty
pursuant to a plea bargain; and (5) whether the State made or ever intended to make a plea offer. (If
the trial court finds that the State complied with Article 38.072, it shall forward evidence of the
State's compliance with the supplemental record.) The trial court shall then determine whether the
performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient
performance prejudiced Applicant. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims
for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: February 11, 2009

Do not publish